**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:        Daniel W. Booth; Devonae Servance-Booth; Parrish Servance; Shirley Servance and All Other Occupants v. Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2014-3

Appellate case number:    01-16-00188-CV

Trial court case number:   16-CCV-056463

Trial court:               County Court at Law No. 1 of Fort Bend County

On March 1, 2016, appellant, Devonae Servance-Booth, proceeding *pro se*, filed a notice of appeal in the county court from the final judgment, signed on February 25, 2016, in this forcible detainer and eviction action. On July 26, 2016, this Court granted appellant's motion for an extension of time to pay for the clerk's record fee until August 25, 2016. On August 11, 2016, appellant filed a letter in this Court acknowledging receipt of this Court's July 26, 2016 Order, but also noting that the appellee, Kondaur Capital, filed an eviction notice on her door on August 10, 2016, and she is "requesting to continue the extension process as granted." Appellant attached the "Notice to Vacate, Writ of Possession, Final Warning" to her letter. Because appellant is proceeding *pro se*, the Court construes this letter as a letter-motion seeking a stay of the judgment and execution of the writ of possession, pending resolution of her appeal.

With respect to eviction appeals, the Property Code states that "[a] judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE ANN. § 24.007 (West Supp. 2015). "Thus, if a proper supersedeas bond is not filed, the judgment may be enforced, including issuance of a writ of possession evicting the tenant from the premises." *Marshall v. Hous. Auth. Of the City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006). "However, there is no language in the statute which purports to either impair the appellate rights of a tenant or require a bond be posted to perfect an appeal." *See id.* Thus, failure to

supersede the judgment does not divest an appellant of the right to appeal from a forcible detainer action. *See id.* at 786-87.

Based on the indigent clerk's record filed in this Court on June 14, 2016, there is nothing indicating that the $15,000.00 supersedeas bond amount, set by the county court in the final judgment, was posted by appellant within ten days of the signing of the February 25, 2016 final judgment. *See* TEX. PROP. CODE ANN. § 24.007. Although appellant filed a motion to contest a bond on February 29, 2016, and her sworn statement of inability to pay costs of appeal on March 1, 2016, in the county court, absent the county court signing an order removing or reducing the supersedeas bond, appellant's motion and statement did not stay the judgment pending her appeal. In this case, because the statute only allows this Court to stay the judgment in an eviction case upon appellant's timely filing of the supersedeas bond with the county court, which she failed to do here, the judgment may be enforced to issue the writ of possession. *See Marshall*, 198 S.W.3d at 786.

Accordingly, we **deny** appellant's letter-motion seeking a stay of the judgment and execution of the writ of possession.

It is so ORDERED.

Judge's signature:   /s/ Laura Carter Higley
                     ☒  Acting individually

Date:  August 16, 2016